State *v.* Clogston.

# STATE OF VERMONT *v.* JOSEPH D. CLOGSTON.

*Indictment for perjury.   Allegation of materiality.*

1.  The first count in an indictment for perjury alleged that the material question was, whether F. signed a certain paper, and that the respondent testified that he saw F. sign it.   The assignment denied that the respondent saw F. sign the paper, but did not deny that F. in fact signed it.   *Held,* that it sufficiently appeared that the evidence was material.

2.  In the second count the allegation of materiality and the assignment of perjury were the same as the first count, but it was stated that the respondent testified that F. signed the paper.   *Held,* that, while taken by itself, the testimony as stated might be immaterial, the statement taken as a whole did in effect allege that the respondent testified to having seen F. sign the paper ; for he was testifying to one of several things which occurred in his presence, and to say that F. signed the paper was to say that he saw him sign it.

Indictment for perjury in two counts.   Heard upon demurrer at the September term, 1888, Orleans county, Rowell, J., presiding.   The demurrer was overruled and the respondent excepted.

The first count was as follows :

" At the term of County Court began and held at Newport, within and for the county of Orleans, aforesaid, on the first Tuesday of February, A. D. 1887, a certain issue was joined in the aforesaid court in a certain action then and there pending in said County Court, which said action the said County Court had full jurisdiction to try and determine, and wherein one Isaac Henry Pierson Rowell, in his individual capacity, and the said Isaac Henry Pierson Rowell, as surviving partner of the late firm of J. & H. Rowell, which co-partnership consisted of the said Isaac Henry Pierson Rowell and one Joseph Rowell, now deceased, was plaintiff, and the estate of one Warren Fuller, deceased, was defendant ; and that afterwards, to wit : at the term aforesaid, said issue came on to be tried in due form of law, by jury of the

county in that behalf duly empaneled and sworn to try such issue; and upon the trial of aforesaid issue, and to wit: on the 4th day of February, A. D. 1887, one Joseph D. Clogston, of Montpelier, in the county of Washington and State of Vermont, did then and there appear and was produced as a witness and was received to give evidence on behalf of the said Isaac Henry Pierson Rowell, plaintiff as aforesaid, in said cause; and that the said Joseph D. Clogston, in and before said court, was then and there duly sworn by the clerk of said court, and did then and there take his corporal oath that the evidence he, the said Joseph D. Clogston, should give to the court and jury sworn between the parties aforesaid, touching the matters in question in the said issue, should be the truth, the whole truth and nothing but the truth, the said court by their said clerk then and there having full and ample power and authority by law to administer an oath on such an occasion, and then and there upon the trial of such issue it became and was a material question on the said issue, whether he, the said Warren Fuller, in his lifetime, or to wit: the 5th day of June, A. D. 1884, or on any other day, had signed his, the said Warren Fuller's name to and delivered or caused to be delivered unto the said Isaac Henry Pierson Rowell, a certain writing or document in the words and figures following, to wit:

"Montpelier, Vt., June 5, 1884.

"I hereby acknowledge that my promissory note for the sum of ninety-seven dollars and seventy-four cents ($97.74) dated November 2, 1857, and payable to J. & H. Rowell or bearer, one day from date, and interest annually, is not paid, and promise to pay the same on demand.

And I also acknowledge that the promissory notes taken by me from J. & H. Rowell for collection, and described in my receipt given for the same and dated July 16, A. D. 1857, have not been accounted for except as shown by endorsements on the back of said receipt, and promise to pay on demand the amount due from me on account of the said promissory notes with annual interest.                    WARREN FULLER."

And that thereupon the said Joseph D. Clogston having been so sworn as aforesaid, did then and there feloniously, wilfully and corruptly testify and say in substance and effect, that he, the said Joseph D. Clogston, was in a hotel then called and known as the American House, in the village of Montpelier, in the town of Montpelier, in the county of Washington aforesaid

on the day of the date of said writing or document hereinbefore named and described, and that while he, the said Joseph D. Clogston, was in the American House as aforesaid, said Warren Fuller came into the same room in said American House in which the said Joseph D. Clogston then was as aforesaid, and that while the said Warren Fuller was in said room in said American House as aforesaid, he, the said Joseph D. Clogston, saw the said Warren Fuller sign his, the said Warren Fuller's name to said writing or document hereinbefore named and described, whereas in truth and fact, the said Joseph D. Clogston was not in said American House on the day of the date of said writing or document hereinbefore named and described; nor did the said Joseph D. Clogston see the said Warren Fuller sign his, the said Warren Fuller's name to said writing or document hereinbefore named and described in said American House, or elsewhere, on the date of said writing or document hereinbefore named and described, or on any other date."

The second count was like the first down to and including the statement of the written instrument. The remainder was as follows :

"And to this the said Joseph D. Clogston, having been so sworn as aforesaid, did then and there feloniously, wilfully and corruptly testify and say in substance and effect, that he, the said Joseph D. Clogston, was in the hotel then known and called the American House, in the village of Montpelier, in the town of Montpelier, in the said county of Washington, on the day of the Democratic State Convention, held at said Montpelier, on to wit : the fifth day of June, A. D. 1884, and that while the said Joseph D. Clogston was in said American House as aforesaid, he, said Joseph D. Clogston, saw said Isaac Henry Pierson Rowell sitting at a desk writing in the same room in said American House in which the said Joseph D. Clogston then was as aforesaid, and then and there before said Isaac Henry Pierson Rowell finished writing at said desk as aforesaid, said Joseph D. Clogston saw said Warren Fuller in said room ; and said Isaac Henry Pierson Rowell went on and appeared to finish writing at the desk as aforesaid, and said Isaac Henry Pierson Rowell then and there in said room in said American House as aforesaid, called said Warren Fuller's attention to said writing, so written by said Isaac Henry Pierson Rowell as aforesaid ; and that said Warren Fuller then and there took said writing and appeared to read the same through, and thereupon said Warren Fuller signed his,

said Warren Fuller's name, to said writing so written by said Isaac Henry Pierson Rowell, in said room as aforesaid; that while in said room as aforesaid, said Joseph D. Clogston then and there heard said Warren Fuller talking· with one John Smith (meaning one John Smith of Berlin, in said county of Washington) and said Joseph D. Clogston then and there discovered from the talk said Warren Fuller then and there had with said John Smith (meaning one John Smith of Berlin, in said county of Washington) that he, said Warren Fuller, was renewing some old paper; that said writing so signed by said Warren Fuller was the same writing or document hereinbefore named and described; and said Joseph D. Clogston then and there saw said Warren Fuller's signature thereon; that in said room as aforesaid, said Joseph D. Clogston then and there saw in said room one Luther L. Durant (meaning one Luther L. Durant of said Montpelier) and that said Luther L. Durant then and there appeared to understand the contents of said writing or document hereinbefore named and described, as he, said Joseph D. Clogston, then and there thought; whereas in truth and in fact the said Joseph D. Clogston on to wit : the day of the Democratic State convention, held at said Montpelier, on to wit : the fifth day of June, A. D. 1884, did not see in said American House as aforesaid, said Isaac Henry Pierson Rowell and said Warren Fuller ; nor did the said Joseph D. Clogston in said American House as aforesaid, or on any other day or place, hear said Isaac Henry Pierson Rowell call said Warren Fuller's attention to said writing or document hereinbefore named and described; nor did said Joseph D. Clogston, then and there, or on any other day or place, see said Warren Fuller take said writing and read or appear to read the same through, or sign his, the said Warren Fuller's name to said writing or document hereinbefore named and described ; nor did said Joseph D. Clogston, then and there, or on any other day or place, hear said Warren Fuller talking with said John Smith, or discover from the talk said Warren Fuller then and there had with said John W. Smith, that he, said Warren Fuller, was renewing some old paper ; nor did said Joseph D. Clogston then and there in said room as aforesaid, see one Luther L. Durant of said Montpelier, nor did said Luther L. Durant then and there appear to understand the contents of said writing or document hereinbefore named and described, as he, said Joseph D. Clogston then and there thought, and said Joseph D. Clogston did not then and there think said Luther L. Durant then appeared

to understand the contents of said writing or document hereinbefore named and described."

*Geo. W. Wing*, and *Dickerman & Young*, for the respondent.

*F. E. Alfred*, State's Attorney, and *L. H. Thompson*, for the State.

The opinion of the court was delivered by

MUNSON, J.   Most of the points urged against this indictment are disposed of by the decision in the case of *State* v. *John W. Smith*, *supra*, with which this case was heard.   The questions remaining relate to the allegation of materiality, considered in connection with the statement of testimony and the assignment of the perjury.

In the first count, the material question is alleged to have been, whether Fuller signed the paper, and the respondent is alleged to have testified that he saw him sign it.   The assignment denies that the respondent saw Fuller sign the paper, but does not deny that Fuller signed it.   It is urged that under the allegation of materiality the evidence was of no importance, and that it is also made immaterial by the assignment.   We do not consider the count defective in this respect.   The material question was, whether Fuller signed the paper.   The respondent's testimony that he saw him sign it was testimony that he did sign it. The respondent therefore gave testimony upon a material point. Then if the respondent did not see him sign it, he swore falsely upon a material point.   Consequently, in assigning the perjury, it is sufficient to say that the respondent did not see Fuller sign the paper, without saying that Fuller did not in fact sign it.

In the second count, the allegation of materiality and the assignment of perjury are the same as in the first count; but the statement of the testimony upon the point in question, taken alone, is merely that Fuller signed the paper; and it is urged

that inasmuch as the assignment is confined to a denial that the respondent saw Fuller sign the paper, the testimony as stated becomes immaterial. But we think this count is, in effect, the same as the first. It appears from the statement of the respondent's testimony, as a whole, that when he said Fuller signed the paper he was stating in its order one of several connected transactions which he claimed occurred in his presence. In saying that Fuller signed the paper he was stating what he claimed to have seen. A denial that he saw Fuller sign the paper is a sufficient contradiction of his testimony, and his testimony was directly to the point that is alleged to have been material.

*Judgment that respondent take nothing by his exceptions, and judgment affirmed and cause remanded.*